JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                              Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

        Charles Rojas                              N/A
        Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANTS:

        Not Present                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING (1) PLAINTIFF'S MOTION TO REMAND (Doc. 10); AND (2) DENYING PLAINTIFF'S REQUEST FOR THE COURT TO ISSUE AN ORDER TO SHOW CAUSE RE: SANCTIONS (Doc. 10)**

Before the Court is Plaintiff Alicia Grajeda's motion to remand to state court and request that the Court issue an order for Defendant Nissan North America to show cause why it should not be sanctioned for removing this action.  (Mot., Doc. 13.)  Nissan opposed, and Grajeda replied.  (Opp., Doc. 14; Reply, Doc. 17.)  The Court finds these matters appropriate for decision without oral argument and the hearing set for July 19, 2024, at 10:30 a.m., is VACATED.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.[1]  The action is REMANDED to the Superior Court of the State of California for the County of Riverside, Case No. CVRI2302538.

## I.      BACKGROUND

On May 15, 2023, Grajeda filed this lemon-law action in California state court, alleging violations of California's Song-Beverly Act and common-law fraud arising out of her 2019 purchase of a Nissan Sentra.  (*See* Compl., Doc. 1-2.)  Grajeda's complaint

---

[1] Accordingly, Plaintiff's request to appear remotely (Doc. 22) is DENIED AS MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                         Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

does not specify the purchase price of her Nissan Sentra.  (*See id.*)  Nor does the complaint specify the amount of monetary relief that Grajeda seeks—just that she seeks damages "according to proof at trial."  (*See id.*)  Grajeda served the complaint on Nissan on May 17, 2023.  (Proof of Service, Doc. 10-3.)

On November 7, 2023, Grajeda filed and served on Nissan a case management statement.  (Case Management Statement, Doc. 10-6.)  Important here, attachment 4b to that statement reads:

> Plaintiff seeks rescission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, ***civil penalties in the amount of two times Plaintiff's actual damages***, diminution in value, prejudgment interest, reasonable attorneys' fees and costs of suit, general, special, and actual damages according to proof at trial.  Plaintiff's restitution ***damages are in excess of $50,000*** and ***attorney's fees and costs are currently in excess of $20,000***.

(*Id.* at 8 (emphasis added).)

About six months after receiving the above-described case management statement, Nissan removed this action to federal court on May 14, 2024.  (*See* Notice of Removal, Doc. 1.)  Nissan invoked this Court's diversity jurisdiction—contending that the parties are diverse and that, given the vehicle's $23,211.61 purchase price and the myriad of remedies available under the Song-Beverly Act, the amount in controversy exceeds $75,000.  (*Id.* ¶¶ 11–27); *see* 28 U.S.C. § 1332(a)–(b).  Nissan also contended that its removal was timely—arguing that "Nissan, through counsel, first became apprised of the amount in controversy placed at issue" on May 10, 2024 "after conducting an investigation into the amount in controversy that included assessing the Retail Installment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                    Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

Sales Contract and the repair orders regarding the vehicle." (*Id.* ¶ 4); *see* 28 U.S.C. § 1446(b)(3) (removal must occur within 30 days of Defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

On June 14, 2024, Grajeda moved to remand to state court, arguing that Nissan's removal was untimely under section 1446(b)(3). (*See* Mot.)  Grajeda contends that the case management statement—served about six months before Nissan removed—was an "other paper" that put Nissan on notice that this action's amount in controversy exceeded the $75,000 threshold for diversity jurisdiction. (*See id.*)  Grajeda also requested that the Court enter an order to show cause as to why Nissan should not be sanctioned for what Grajeda contends is a frivolous removal to federal court. (*See id.* at 10–11.) [2]

In support of her motion to remand, Grajeda filed three separate requests for judicial notice: a first request filed ten days after her motion was filed (First RJN, Doc. 13); a second filed two days before her reply was filed (Second RJN, Doc. 16); and a third filed in conjunction with her reply (Third RJN, Doc. 17-2).[3]  The materials subject to Grajeda's request for judicial notice largely fall into two categories.  The first category

---

[2] Grajeda does not explain why it requested the Court to enter an order to show cause instead of simply moving for sanctions under Rule 11(c)(2) or requesting that any order remanding this action include an award of costs and fees under 28 U.S.C. § 1447(c).

[3] The Court has concerns that Grajeda's piecemeal requests for judicial notice were the product of gamesmanship—particularly since two of the requests were filed after Nissan had filed its opposition to Grajeda's motion to remand.  Moreover, the Court would not typically consider evidence not submitted with a movant's initial motion—unless the materials were not available at that earlier time (as some but not all of the exhibits were here) or were truly responsive to issues raised for the first time in the non-movant's opposition.  The Court considers the materials that are the subject of Grajeda's latter two requests only because Nissan "anticipat[ed]" and responded to those materials. (*See* Opp. at 9 n.2.)  Plaintiff's Counsel should, however, refrain from such attempted sandbagging in future cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                     Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

is composed of six orders from six different courts in the Central District of California in actions brought by Plaintiff's Counsel and removed to federal court by Nissan.  (*See Mariscal* Order, Docs. 13-1, 17-14; *Hill* Order, Docs. 13-2, 17-15; *Avalos* Order, Doc. 17-16); *Bryant* Order, Doc. 17-17; *Ramirez* Order, Doc. 17-18; *Castillo* Order, Doc. 17-11.)  The second category is composed of seven notices of removal filed by Nissan in which Nissan removed under section 1446(b)(3) and relied on Plaintiff Counsel's case management statement to contend that diversity jurisdiction's amount in controversy requirement was met.  (*See Jara* NOR, Doc. 17-4 ¶¶ 10–13, 16; *Cerpas* NOR, Doc. 17-5 ¶¶ 10–13, 16; *Prince* NOR, Doc. 17-6 ¶¶ 10–13, 16; *Robles* NOR, Doc. 17-7 ¶¶ 10–13, 16; *Quinones* NOR, Doc. 17-8 ¶¶ 10–13, 16; *Islas* NOR, Doc. 17-9 ¶¶ 10–13, 16; Tucker NOR, Doc. 17-10 ¶¶ 10–13, 16.)[4]

Nissan opposes remand, arguing that the case management statement did not make it "unequivocally clear and certain" that the amount-in-controversy requirement was met. (*See* Opp.)  Nissan contends that Plaintiff's Counsel files boilerplate statements across actions, even when the underlying purchase price or lease terms vary significantly.  In support of its opposition, Nissan offers, among other things, a "sample chart of fifteen" cases "against Nissan handled by [Defense Counsel] selected, essentially at random out of over [one] hundred such cases."  (Dye Decl., Doc. 24 ¶ 10; Case Chart, Doc. 14-3.)

---

[4] The remaining materials relate to whether, according to applicable state-court rules, Grajeda properly served the case management statement on Nissan prior to removal.  (*See* Reply at 9–11.)  Nissan obliquely contends in passing: "The email was not sent to Nissan's counsel's e-service address."  (Opp. at 7 & n.1.)  In reply, Grajeda argues that service was proper under Los Angeles County Superior Court Local Rules—even though she filed this action in *Riverside* County.  (*See* L.A. Sup. Ct. L.R., Doc. 17-12; L.A. Sup. Ct. FAQ, Doc. 17-13.)  Ultimately, Nissan does not purport to argue that it did not "otherwise" receive the case management statement.  *See* 28 U.S.C. § 1446(b)(3) ("receipt by the defendant, through service or otherwise").  Therefore, the Court need not decide whether Grajeda properly served the case management statement on Nissan pursuant to applicable state-court rules.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                          Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

Nissan also offers the *Castillo* order cited above, as well as the order to show cause that preceded it.  (*See Castillo* Order; *Castillo* OSC, Doc. 14-4.)

## II.    LEGAL STANDARD

To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(d).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins . . . ."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

## III.    ANALYSIS

The Court GRANTS Grajeda's motion to remand and DENIES Grajeda's request that the Court order Nissan to show cause re: sanctions.

### A.    Motion to Remand

Here, the case management statement represents that Grajeda seeks damages "in excess of $50,000," seeks civil penalties "two times Plaintiff's actual damages," and had incurred "attorney's fees and costs . . . currently in excess of $20,000."  (Case Management Statement at 8.)  This case management statement is an "other paper," 28 U.S.C. § 1446(b)(3), that made it "unequivocally clear and certain" that the amount in controversy exceeded $75,000 in this action, *Dietrich*, 14 F.4th at 1095.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                         Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

The Court rejects Nissan's argument that it could not rely on the case management statement.  Nissan has on at least seven occasions removed to federal court, relying on Plaintiff's Counsel's exact same case management statement.  (*See Jara* NOR ¶¶ 10–13, 16; *Cerpas* NOR ¶¶ 10–13, 16; *Prince* NOR ¶¶ 10–13, 16; *Robles* NOR ¶¶ 10–13, 16; *Quinones* NOR, ¶¶ 10–13; *Islas* NOR ¶¶ 10–13, 16; *Tucker* NOR ¶¶ 10–13, 16.)  As five Central District courts have concluded, Nissan's inconsistent objection to the case management statement is "disingenuous" and, if accepted, would improperly let Nissan "have it both ways."  (*See Mariscal* Order at 4–5 (labelling Nissan's argument "disingenuous" and noting that Nissan "neglects to explain why it is insufficient for this case yet sufficient for other cases"); *Hill* Order at 5 ("Defendant cannot have it both ways by relying on the CMS in one case, and ignoring it in another."); *Avalos* Order at 3–4 ("Defendant has relied on nearly identical Case Management Conference Statements to successfully remove other cases, and it is grossly disingenuous to now claim that the Case Management Conference Statement cannot be relied upon as a reasonable estimate of the amount in controversy in this case."); *Bryant* Order at 5 ("This Court agrees that Nissan cannot have it both ways."); *Ramirez* Order at 4–5 ("Plaintiff has provided evidence of Nissan relying on virtually identical language from other case management conference statements to remove similar, but unrelated, actions to district courts, and argue the amount in controversy requirement has been satisfied.").

The Court acknowledges that, in *Castillo*, the court's order to show cause expressed an unwillingness to consider the case management statement as evidence that the amount in controversy was satisfied.  (*See Castillo* OSC at 3 (concluding that "it is not clear if Plaintiff's $50,000 calculation includes actual damages as well as the estimated civil penalties" and noting that the fact that the damages request "exceeds the value of the vehicle" calls "into question the amount in controversy at removal in its entirety").)  But the *Castillo* court did not issue any definitive holding regarding whether the case management statement was an "other paper" that triggers section 1446(b)(3)'s 30-day clock.  Indeed, the *Castillo* remand order did not mention the case management

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:24-cv-01019-JLS-SHK                    Date: July 17, 2024
Title:  Aurora Alicia Grajeda v. Nissan North America, Inc. et al

statement whatsoever when concluding that the amount in controversy fell below $75,000.  (*See Castillo* Order.)  Therefore, the Court adheres to the approach taken by the five courts that have directly considered the section 1446(b)(3) question presented here.

For the above reasons, the Court finds that the case management statement is an "other paper," 28 U.S.C. § 1446(b)(3), that made it "unequivocally clear and certain" that this action was removable, *Dietrich*, 14 F.4th at 1095.[5]

### B.    Sanctions

The Court DENIES Grajeda's request that the Court issue an order to show cause re: sanctions.  There is a strong presumption against the imposition of sanctions for invoking the processes of the law.  *See Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).  And though the Court rejects Nissan's argument in support of removal, it was not frivolous; therefore, sanctions are not appropriate.

## IV.    <u>CONCLUSION</u>

The Court GRANTS Grajeda's motion to remand.  The action is REMANDED to the Superior Court of the State of California for the County of Riverside, Case No. CVRI2302538.

Initials of Deputy Clerk: cr

---

[5] This conclusion is not meant to approve of how Plaintiff's Counsel has litigated this case and others against Nissan in state court.  To the contrary, it not unreasonable to expect Plaintiff's Counsel to do the bare minimum of tailoring their damages estimates to reflect a subject vehicle's purchase or lease price.